IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHELE DORAN,

        Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

Case No. 3:13-cv-01008-MA

ORDER FOR EAJA FEES

MARSH, Judge

Plaintiff seeks an award of attorney fees in the amount of $5,634.03 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). Because I find that the position of the Commissioner was not substantially justified, plaintiff's application for fees is granted.

## BACKGROUND

Plaintiff protectively filed her applications for disability insurance benefits and supplemental security income disability benefits on August 5, 2009, alleging disability due to bipolar disorder, borderline personality disorder, chronic back pain, syncope, fibromyalgia, headaches, depression, anxiety, and post

1 - ORDER FOR EAJA FEES

traumatic stress disorder. Plaintiff's applications were denied initially and upon reconsideration. An ALJ held hearings on October 5, 2011, and January 5, 2012. On January 12, 2012, the ALJ issued a decision denying plaintiff's applications. After the Appeals Council denied review, plaintiff timely appealed.

Plaintiff raised several independent substantive assignments of error in her appeal. The court rejected several of those arguments, but agreed with plaintiff that the ALJ erred by failing to offer specific and legitimate reasons for rejecting the opinion of Dr. Duvall. Exercising discretion, I remanded the case for further proceedings.

Plaintiff, as the prevailing party, subsequently filed the present application for attorney fees under the EAJA (#22). The Commissioner objects to plaintiff's attorney fee application, arguing solely that a fee award is inappropriate because the Commissioner's litigation position was substantially justified, and therefore, plaintiff is not entitled to fees under the EAJA.

## DISCUSSION

### I.  Substantial Justification

Under the EAJA, a prevailing party is entitled to recover attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is

2 - ORDER FOR EAJA FEES

one of reasonableness." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005)(internal quotation omitted). The government's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 563-66 (1988); *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990). A position is substantially justified if it has a reasonable basis in law and fact. *Pierce*, 487 U.S. at 565; *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010).

The position of the United States includes the "government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government bears the burden of demonstrating substantial justification. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). The government's position must be substantially justified at both stages. *Meier*, 727 F.3d at 872; *Shafer v. Astrue*, 518 F.3d 1067, 1071 (9th Cir. 2008).

On appeal to this court, plaintiff argued that the ALJ improperly rejected the opinion of examining physician John Ellison, M.D., and examining psychologists Keli Dean, Psy.D. and Robert Duvall, Ph.D. In the Opinion and Order (#20), I concluded that the ALJ provided specific and legitimate reasons to discount the opinions of Drs. Ellison and Dean because those opinions were based on plaintiff's unchallenged negative credibility assessment.

3 - ORDER FOR EAJA FEES

I also determined that plaintiff's negative credibility assessment was readily supported by substantial evidence. I further concluded, however, that the ALJ erred in rejecting Dr. Duvall's opinion that plaintiff had marked limitations in social functioning. The Commissioner now argues that its defense of the ALJ's decision was substantially justified because Dr. Duvall's opinion was based in part on plaintiff's negative credibility determination that was unchallenged on appeal. I disagree.

As I specifically discussed in the Opinion and Order, Dr. Duvall considered plaintiff's exaggeration and inaccurate reporting, but nevertheless concluded that her severe psychological symptoms presented barriers to employment. In light of the entire record, I concluded that simply pointing to plaintiff's negative credibility determination was not a specific and legitimate reason, backed by substantial evidence as a whole, to reject Dr. Duvall's opinion concerning plaintiff's limitations. For this reason, and those stated in the Opinion and Order, I conclude that the government's underlying action was not substantially justified in this case. *Meier*, 727 F.3d at 872 (finding agency action not substantially justified where ALJ's decision was not backed by substantial evidence). Moreover, I determine that because the government's underlying agency position was not substantially justified, the government's position defending the rejection of Dr. Duvall's opinion was not substantially justified. *Shafer*, 518 F.3d

at 1071 ("The government's position must be substantially justified at each stage of the proceedings."); *Moore v. Commissioner Soc. Sec. Admin.*, 2013 WL 6531159 (D.Or. Dec. 12, 2013)(finding Commissioner's position in defending doctor's improperly rejected opinion was not substantially justified). Therefore, plaintiff is entitled to attorney fees under the EAJA.

## II. EAJA Award

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). The court has an independent duty to review the fee request to determine its reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The starting point for a reasonable fee is the number of hours expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Where documentation is inadequate, the court may reduce the requested award. *Hensley*, 461 U.S. at 433-34.

The Commissioner does not dispute plaintiff's counsel's hours worked and hourly rate, and having carefully reviewed plaintiff's application, I find them reasonable. Additionally, plaintiff's counsel correctly indicates that time spent preparing the reply to

the fee application is properly awarded under the EAJA. Commissioner, I.N.S. v. Jean, 496 U.S. 154 (1990). The court concludes the time spent preparing the reply is reasonable, and thus, that amount is included plaintiff's requested fees.

## CONCLUSION

Based on the foregoing, plaintiff's Application for Fees Pursuant to EAJA (#22) is GRANTED. Plaintiff is awarded attorney fees in the amount of $5,634.03. The attorney fees will be paid to plaintiff's attorney, dependent upon verification that plaintiff has no debt that qualifies for offset against the awarded fees, pursuant to the Treasury Offset Program. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). If plaintiff has no such debt, the check shall be made out to plaintiff's attorney and mailed to: Merrill Schneider, P.O. Box 14490, Portland, OR 97293. If plaintiff has a debt, then the check for any remaining funds after offset shall be made out to plaintiff and mailed to plaintiff's attorney's office at the address stated above.

IT IS SO ORDERED.

DATED this 6 day of JANUARY, 2015.

_____
Malcolm F. Marsh
United States District Judge